**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ATIYA TURNER** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT AND JURY DEMAND** |
| **PENNSYLVANIA BALLET AND** | ) | |
| **AMBER HINSHAW** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Atiya Turner, by and through her undersigned counsel, The Lacy Employment Law Firm LLC, hereby file this Complaint against Defendants and state as follows:

## PROCEDURAL AND ADMINISTRATIVE REMEDIES

1.     All the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference as if set forth herein at length.

2.     Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

3.     On or about June 3, 2021, Plaintiff Turner dual-filed a charge with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging sex, and race discrimination as well as retaliation. *See* EEOC Charge of Discrimination, attached as Exhibit 1.

4.      The EEOC issued a Right to Sue Letter ("Right to Sue"), and Plaintiff timely filed the above-captioned action on or before 90 days from receipt of the Right to Sue that the EEOC issued.  *Id.*

5.      Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### JURISDICTION AND PARTIES

6.      Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)-5(f).

7.       This District Court has jurisdiction over Counts I and II (§ 1981 and Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

8.      This District Court has jurisdiction over Count III (PHRA) pursuant to pendent supplemental jurisdiction.[1]

9.      Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

10.      Ms. Turner is a black woman who worked, at all relevant times, for the Pennsylvania Ballet ("PA Ballet") at 323 N. Broad Street, Philadelphia, Pennsylvania.

11.      PA Ballet also "regularly conducts business" in  Philadelphia, Pennsylvania. at 250 South Broad Street.

12.      Ms. Amber Hinshaw is a current employee at the PA Ballet and works at 323 N. Broad Street, Philadelphia Pennsylvania.

---

[1] It has been less than one year since Plaintiff's dual-filed their Charge of Discrimination as a Complaint with the Pennsylvania Human Relations Commission for Defendant's violations of  the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"). Plaintiff will seek to amend her Complaint in this matter to add her PHRA claims once she has exhausted her administrative remedy with respect to those claims.  PHRA claims are added for notice purposes only.

## FACTUAL BACKGROUND

13.     Atiya Turner, a black woman, worked for the PA Ballet for six months. PA Ballet hired her on January 2, 2020, as the Front Desk Receptionist in the PA Ballet reporting to Amber Hinshaw.

14.      Ms. Hinshaw  held Ms. Turner to a higher standard than her counterparts. For example, during the George Floyd riots – a tumultuous time for race relations in America – Ms. Hinshaw stated that Ms. Turner and another black woman, Jessica Avery, only retained their jobs because they are black.

15.     Also, Ms. Hinshaw  created a hostile work environment by using severe and pervasive comments to create a hostile working condition for Ms. Turner.

   a.   Ms. Hinshaw  also commented that she was "extra thankful" that she had an IUD during this time.  She expounded upon this, noting that she could not imagine having a child at this time.

   b.   Ms. Hinshaw  inquired whether  Ms. Turner would be "leaving the city," presumably because of Philadelphia's large African-American population.

   c.   Noting that Ms. Turner's pregnancy was higher risk, Ms. Hinshaw did not want Ms. Turner on the job site.

16.     Ms. Turner complained on multiple occasions that she believed that Ms. Hinshaw treated her differently because she had a child.

17.     Ms. Hinshaw promised Ms. Turner a shift and work and then reneged on this promise after Ms. Turner and Ms. Hinshaw conversed about Ms. Turner's childcare situation.

 a.  Ms. Turner worked with Ms. Hinshaw to address her childcare concerns, after Ms. Hinshaw misrepresented the option to work remotely during the summer of 2021 due to COVId-19.

 b.  On August 18, 2021, Ms. Turner again explained her childcare situation to Ms. Hinshaw, delineating that she was waiting to hear from a private school for her five-year-old. Ms. Hinshaw stated that she was flexible and happy to work with her availability.

 c.  Ms. Turner then asked whether anything was "going to be different with the limited opening . . . and what is the hour expectation?" Ms. Hinshaw responded 29 hours a week. After reminding Ms. Hinshaw to complete the necessary paperwork for her child's school, Ms. Hinshaw finally provided Ms. Turner with the form on August 31, 2020.

 d.  Ms. Hinshaw never finalized Ms. Turner's schedule and she summarily terminated her employment in retaliation for making complaints and raising the issue of her childcare. With respect to her schedule, Ms. Hinshaw explained that: "I realized I never actually confirmed your schedule with you. We went back and **forth a little** and I filled in the form for your daughter's school, but we didn't actually set anything in stone."

 e.  Relying on Ms. Hinshaw's previous statements of job security and flexibility, Ms. Turner responded and stated that she was waiting on her daughter's assistance,

which could take up to 30 days. And that she could not come back full time just yet until the school makes its decision regarding assistance.

f.  Ms. Hinshaw, in a text that displayed anything but flexibility and understanding, asked: "What does that mean for you working this week?" Ms. Hinshaw went on to probe, immediately after Ms. Turner raised childcare concerns, about whether Ms. Turner could work on Saturday. Ms. Turner replied that she could not work Saturday but that she could work any other day.

g.  Further, Ms. Turner scrambled to find childcare and even offered to work the next available day, which was Wednesday. Ms. Hinshaw's response: "If starting work this week was going to be a problem, you should have told me sooner. I'm heading home now. I'll get back to you tomorrow."

h.  The next day, Ms. Hinshaw stated that the Wednesday night shift was covered. Indeed, Ms. Hinshaw displayed zero "flexibility" towards Ms. Turner. PA Ballet terminated Ms. Turner on September 10, 2020; the very next day.

18.  Ms. Hinshaw regularly subjected Ms. Turner to disparate treatment due to her being a black and a pregnant woman with children.

19.  Ms. Hinshaw's unlawful conduct was also severe and pervasive enough to change Ms. Turner condition of employment and create an abusive and hostile work environment *W. v. Phila. Elec. Co.*, 45 F.3d 744, 757 (3d Cir. 1995). As previously stated, Ms. Hinshaw made multiple comments related to Ms. Tuner's race and gender.

20.  Further, Ms. Hinshaw's comments regarding Ms. Turner's capabilities as a mother constitute "sex-plus" discrimination. *Weightman v. Bank of New York Mellon Corporation*, 772

F. Supp. 2d 693, 701 (W.D. Pa. 2011) ("In other words, an employer who treats women with small children differently than women without small children would be liable for sex-plus discrimination; with the "plus" being stereotypical assumptions regarding women's childcare responsibilities."). As discussed above, Ms. Hinshaw took adverse action against Ms. Turner after commenting on her status as a woman with children and conversing with Ms. Turner about her childcare situation.

<u>**COUNT I**</u>
**Section 1981**
*Race and Sex Discrimination, Hostile Work Environment, and Retaliation*
*(PA Ballet and Amber Hinshaw)*

21.     Plaintiff hereby incorporates all allegations contained in the above-mentioned paragraphs fully as if they were set forth at length.

22.     Defendants' discriminatory and retaliatory actions, as set forth herein, deprived Plaintiff of the rights guaranteed under 42 U.S.C. § 1981; as such, its remedies are implicated.

23.     Plaintiff had the right to make and enforce contracts, to sue, and to receive the full and equal benefit of all laws.

24.     Plaintiff was an at will employee, which implicates her right to make and enforce contracts.

25.     Defendants abridged Plaintiff's right to make and enforce contracts by its discriminatory conduct toward Plaintiff.

26.     As a result of Defendants' actions, Defendants have denied Plaintiff the right to the same terms, conditions, privileges and benefits of her employment with Defendants.

27.     PA Ballet, by and through its supervisors, intentionally discriminated against Plaintiff on the basis of race.

6

28.     Plaintiff was a member of a protected class and was qualified for the position that Plaintiff held.

29.     Defendants' actions altered Plaintiff's work environment.

30.     The discrimination that Plaintiff faced detrimentally affected Plaintiff. And this discrimination would detrimentally affect a reasoanble pereson in like circumstances.

31.     This severe and pervasive environment continued throughout Plaintiff's employment.

32.     Defendants are liable for their supervisors under respondeat superior.

33.     Plaintiff participated in protected conduct.  PA Ballet retaliated against Plaintiff because of her participation in protected activities.   There is a causal connection between Plaintiff's participation in protected activities and the adverse employment action from which Plaintiff suffered.

34.     As a direct and proximate result of Defendants' acts and conduct, Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incur attorneys' fees.

35.     The wrongful acts and conduct of Defendants was done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

36.     Plaintiff suffered adverse employment consequences, specifically, PA Ballet retaliated against Plaintiff.

37.     Plaintiff was terminated as a result of Defendants' discriminatory conduct.

38.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested.

## COUNT II
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Race and Sex Discrimination; Retaliation; Hostile Work Environment)
*(PA Ballet)*

39.     Plaintiff hereby incorporates all allegations contained in the above-mentioned paragraphs fully as if they were set forth at length.

40.     PA Ballet's discriminatory and retaliatory actions, as set forth herein, deprived Plaintiff of the rights guaranteed under Title VII.

41.     PA Ballet is a covered employer under Title VII and employees more than 15 employees.

42.     As a result of PA Ballet's actions, PA Ballet has denied Plaintiff the right to the same terms, conditions, privileges and benefits of Plaintiff's employment with PA Ballet.

43.     PA Ballet, by and through its supervisors, intentionally discriminated against Plaintiff on the basis of race and sex.

44.     Plaintiff was a member of a protected class and was qualified for the position that Plaintiff held.

45.     PA Ballet's actions altered Plaintiff's work environment.

46.     The discrimination that Plaintiff faced detrimentally affected Plaintiff. And this discrimination would detrimentally affect a reasoanble pereson in like circumstances.

47.     This severe and pervasive environment continued throughout Plaintiff's employment.

48.     PA Ballet is liable for their supervisors under respondeat superior.

49.     Plaintiff participated in protected conduct.  PA Ballet retaliated against Plaintiff because of her participation in protected activities.   There is a causal connection between

Plaintiff's participation in protected activities and the adverse employment action from which Plaintiff suffered.

50.     As a direct and proximate result of PA Ballet's acts and conduct, Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incur attorneys' fees.

51.     The wrongful acts and conduct of PA Ballet were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

52.     Plaintiff suffered adverse employment consequences, specifically, PA Ballet retaliated against Plaintiff.

53.     Plaintiff is a woman with childcare issues.   She is protected under the characteristic of "sex-plus."   She was discriminated against because of her status as being a woman with young children.

54.     Plaintiff was terminated as a result of PA Ballet's discriminatory conduct.

55.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of PA Ballet's discriminatory and retaliatory acts unless and until the Court grants the relief requested.

<strong><u>PRAYER FOR RELIEF</u></strong>

<strong><u>RELIEF</u></strong>

_____WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

      a) Declaring the acts and practices complained of herein to be in violation of Section 1981 and Title VII;

9

b) Enjoining and permanently retraining the violations alleged herein;

c) Entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

d) Awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

e) Awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasure, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

f) Awarding punitive damages to Plaintiff;

g) Awarding Plaintiff such other damages as are appropriate under Title VII and Section 1981;

h) Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

i) Granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully submitted,

*/s/ Andrew Lacy, Jr.*
Andrew Lacy, Jr. Esq.
**THE LACY EMPLOYMENT**
**LAW FIRM LLC**

Dated: November 26, 2021

2514 W Seybert Street
Philadelphia, PA
(t) 412-301-3908
andrew.lacy@employment-labor-law
.com

*Counsel for Plaintiffs*

Exhibit 1

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Atiya Turner**<br>**5297 Wayne Ave**<br>**Philadelphia, PA 19144** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |

| | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2021-03648** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| | |
|---|---|
| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter*

08/31/2021

Enclosures(s)

**Dana R. Hutter,**
**Deputy Director**

*(Date Issued)*

cc:

| | |
|---|---|
| **Carol Scarazzini**<br>**Director of Finance & Human Resources**<br>**PENNSYLVANIA BALLET**<br>**100 S. Broad Street**<br>**Philadelphia, PA 19110** | **Andrew Lacy, Jr.**<br>**THE LACY EMPLOYMENT LAW FIRM LLC**<br>**2514 W Seybert Street**<br>**Philadelphia, PA 19121** |

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:   **Stephanie Kaplan**
**BLANK ROME**
**One Logan Square**
**130 N. 18th Street**
**Philadelphia, PA 19103**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

| **Pennsylvania Human Relations Commission** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Atiya DeCora Turner | 484-274-9141 | 02/12/1986 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5297 Wayne Ave., Philadelphia, PA 19144 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Pennsylvania Ballet | 50+ | 215-587-6942 |

| Street Address | City, State and ZIP Code |
|---|---|
| 100 S. Broad St Ste 2226, Philadelphia, PA 19110 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest: **Jan. 2020**   Latest: **Sept. 2020** |
| ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Ms. Turner, a black woman, worked for PA Ballet for six months. PA Ballet hired her on January 2, 2020, as the Front Desk Receptionist in the PA Ballet reporting to Amber Hineshaw . Ms. Turner continued to perform at an exceptional level without any complaints from management related to her job performance.

Regardless of Ms. Turner's exceptional performance, PA Ballet allowed Ms. Hineshaw to discriminate against Ms. Turner because she is a black woman.

In less than six weeks after joining PA Ballet, Ms. Hineshaw began to treat Ms. Turner in a hostile and discriminatory manner while PA Ballet turned a blind eye to Ms. Hineshaw 's unlawful conduct. Specifically, Ms. Hineshaw held Ms. Turner to a higher standard than her counterparts. For example, during the George Floyd riots – a tumultuous time for race relations in America – Ms. Hineshaw stated that Ms. Turner and another black woman, Jessica Avery, only retained their jobs because they are black.

Further, around the same time, Ms. Hineshaw also commented that she was "extra thankful" that she had an IUD during this time.  She expounded upon this, noting that she could not imagine having a child at this time.

Compounding these statements, Ms. Hineshaw noted inquired whether Ms. Turner would be "leaving the city," presumably because of Philadelphia's large African-American population.

Also, Ms. Hineshaw created a hostile work environment, and these severe and pervasive comments created a hostile working condition for Ms. Turner.  Additional comments include:

- Ms. Hinsaw stating that she could not imagine explaining the George Floyd riots and protesting to a child.

- Noting that Ms. Turner's pregnancy was higher risk and that Ms. Hineshaw did not want Ms. Turner on the job site.

- Ms. Hineshaw promised Ms. Turner a shift and work and then reneged on this promise after Ms. Turner and Ms. Hineshaw conversed about Ms. Turner's childcare situation.

Ms. Turner told Ms. Hineshaw that her comments were inappropriate and that she should stop. Ms. Turner mentioned on multiple occasions that she believed that Ms. Hineshaw treated her differently because she had a child.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 6/3/2021 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Date*      *Charging Party Signature* | |

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:     Agency(ies) Charge No(s):

☐ FEPA

☒ EEOC

**Pennsylvania Human Relations Commission**                    and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

DocuSign Envelope ID: 88AB79CA-D60B-46D0-A975-345A00A085AF

Rather than investigating Ms. Turner's complaint, PA Ballet decided to ignore them by allowing Ms. Hineshaw to terminate Ms. Turner in retaliation for her complaints that she believed that she was treated differently due to her parental status. Shortly after making her complaints, Ms. Hineshaw escalated her hostility towards Ms. Turner.

Ms. Hineshaw represented that, due to Covid-19, receptionists would not have to return to the site. She iterated that their jobs were "secure whether you decide to stay remote or on site this summer."

As such, Ms. Turner, understandably reliant on these misrepresentations, delayed her search for childcare. As an added note, millions of women experienced unprecedented levels of stress and anxiety last summer as Covid-19 foisted additional responsibilities upon them including childcare, teaching, and finding some semblance of balance while juggling these new responsibilities on top of other maternal responsibilities. A jury of her peers will undoubtedly relate to assurances of job protection and remote work while later being mandated, on short notice, to onsite work.

Ms. Turner worked with her supervisor, Ms. Hineshaw, to address her childcare concerns. On August 18, 2021, Ms. Tuner again explained her childcare situation to Ms. Hineshaw, delineating that was she was waiting to hear from a private school for her five-year-old. Ms. Hineshaw stated that she was flexible and happy to work with her availability.

Ms. Turner then asked whether anything was "going to be different with the limited opening . . . and what is the hour expectation?" Ms. Hineshaw responded 29 hours a week. After reminding Ms. Hineshaw to complete the necessary paperwork for her child's school, Ms. Hineshaw finally provided Ms. Turner with the form on August 31, 2020.

Ms. Hineshaw never finalized Ms. Turner's schedule and she summarily terminated her employment in retaliation for making complaints and raising the issue of her childcare. With respect to her schedule, Ms. Hineshaw explained that: "I realized I never actually confirmed your schedule with you. We went back and **forth a little** and I filled in the form for your daughter's school, but we didn't actually set anything in stone."

Relying on Ms. Hineshaw's previous statements of job security and flexibility, Ms. Turner responded and stated that she was waiting on her daughter's assistance, which could take up to 30 days. And that she could not come back full time just yet until the school makes its decision regarding assistance.

Ms. Hineshaw, in a text that displayed anything but flexibility and understanding, asked: "What does that

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6/3/2021<br><br>*Date*          *Charging Party Signature*<br>B7977C50CF30493... | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

mean for you working this week?"  Ms. Hineshaw went on to probe, immediately after Ms. Turner raised childcare concerns, about whether Ms. Turner could work on Saturday.  Ms. Turner replied that she could not work Saturday but that she could work any other day.

Further, Ms. Turner scrambled to find childcare and even offered to work the next available day, which was Wednesday.  Ms. Hineshaw's response:  "If starting work this week was going to be a problem, you should have told me sooner.  I'm heading home now.  I'll get back to you tomorrow."

The next day, Ms. Hineshaw stated that the Wednesday night shift was covered. Indeed, Ms. Hineshaw displayed zero "flexibility" towards Ms. Turner.  PA Ballet terminated Ms. Turner on September 10, 2020; the very next day.

The PA Ballet remains liable for "sex-plus" discrimination, harassment, and retaliation, and discrimination and harassment based on race.

6/3/2021

DocuSigned by:

B7977C56CF36493...

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**
Attornaey Referred Charge Checklist

Your Name (Charging Party's Attorney's Name): Andrew Lacy, Jr.

Your e-mail address (Charging Party's Attorney's e-mail): andrew.lacy@employment-labor-law.com

Your firm's name & address: The Lacy Employment Law Firm LLC 2514 W Seybert Street, Philadelphia, PA 19121

| | | |
|---|---|---|
| Date Submitted: | June 3, 2021 | **EEOC Office Use Only**<br>Date Received: |
| Location of Alleged Discrimination | Pennsylvania Ballet<br>100 S. Broad St Ste 2226, Philadelphia, PA 19110 | |
| Date(s) of Alleged Discrimination: | Jan. 2020 - Sept. 2020 | |

| | |
|---|---|
| Statute/s: | Basis (protected class/es): Race, Sex<br>Issue (alleged discriminatory action/s): Discrimination, Retalation |
| Charging Party | Name: Atiya Turner<br>E-mail address: atiya62@gmail.com |
| | National Origin: Race: Gender: DOB: Black; February 12, 1968 |
| Respondent | Name of Respondent: Pennsylvania Ballet<br>Name of Respondent official who should receive the Charge: Stephanie Kaplan<br>Address of Respondent official: 130 N 18th Street, Philadelphia, PA 19103<br><br>E-mail address of Respondent official: SGKaplan@blankrome.com |

| | | |
|---|---|---|
| Is this an Amended Charge: | | No |
| If yes, provide: Charge No. | | |
| Is this related to a previously filed Charge: | | No |
| If yes, provide: Charge No. | | |

| | | |
|---|---|---|
| Have you previously filed this matter with EEOC or another agency: | | No |
| If yes, provide name of agency & date of filing: | | |
| Prefer Mediation | Yes | |
| Requesting Immediate Issuance of Right to Sue | | No |